# Chiropractors' Association of Pennsylvania.

*Corporations—Corporation of the first class—Charter—Purpose—Legal status of applicants.*

Where it appears that the applicants for a charter for a corporation of the first class, to be known as "The Chiropractors' Association of Pennsylvania" are persons engaged in general practice in the treatment of diseases and therefore within the requirements of the law regulating medical practice, but that such applicants have no legal status as medical practitioners, it is not error in the exercise of a sound discretion to withhold approval of the application until the incorporators have attained such a status under the laws governing medical practitioners.

Argued November 5, 1913. Appeal, No. 258, Oct. T., 1913, by the Chiropractors' Association of Pennsylvania, from order of C. P. Allegheny Co., Jan. T., 1913, No.

2247, refusing application for a charter.  Before BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.  Affirmed.

Application for a charter.  Before DAVIS, J.

The petition for the charter contained the following paragraphs:

1. The name of the proposed corporation is "Chiropractors' Association of Pennsylvania."

2. The purpose for which the corporation is formed is to foster and encourage the study of the science of chiropractic and to popularize the same in the State of Pennsylvania, through provisions for public lectures, conferences and the distribution of books and literature treating upon said subject, to maintain a central organization that will keep those interested in said science in Pennsylvania abreast of all research work and of the development of said science in the various states and countries, and to encourage co-operation among those learned in chiropractic for its good as well as for the good of all those concerned or interested therein.

The opinion of the Supreme Court states the case.

The court refused to approve the charter.

*Error assigned* was the order of the court.

*Samuel S. Shapira,* for appellants.

OPINION BY MR. JUSTICE POTTER, January 5, 1914:

The appellants in this case desired to be incorporated as an association to be known as the Chiropractors' Association of Pennsylvania.  After examining the application and considering the testimony taken before a commissioner in support thereof, the court below was unable to see its way clear to approve of the grant of the charter.  In its opinion several reasons for the refusal are given, the first one being as stated, that it appears from the report of the commissioner and from the petition

that the applicants as "Chiropractors" have at the present time no legal status under the law of Pennsylvania, and that the main object in procuring the present charter is to give the association a legal status, prior to the status which they will endeavor to obtain under the law of the State. This fact of itself says the court below, "is a sufficient reason for withholding approval of this charter until the status of the incorporators is recognized and defined by laws which they are seeking to have enacted, defining their legal status within this State." Another reason assigned was the implied purpose of the proposed corporation, to create subordinate organizations throughout the State of Pennsylvania subject to the central organization. This, the court felt was beyond its authority to sanction. A third reason which influenced the court, was its inability to ascertain what was meant in the application by the term "chiropractors" or what the real purpose was which was to be effected by the organization which it was desired to form. As to this, the court says: "Perusal and examination of the testimony of the incorporators gives rise to considerable doubt in the mind of the court (as to) under which of the purposes of the act of assembly the incorporators may be chartered. Its exact position seems to be doubtful in the minds of the incorporators themselves. To the question, 'Briefly state what the nature of Chiropractic is?' this answer was given: 'Chiropractic is a philosophy, a science, and art dealing with the brain and nervous systems of the body.' " Another answer seemed to indicate to the court, "that the incorporators are engaged in general practice in the treatment of almost every known disease, which would bring them within the requirements of the laws of the State regulating medical practice." We cannot say that the court below was wrong in its conclusion that approval of this application ought to be withheld until the incorporators have attained a legal status under the laws of the Commonwealth governing all medical practitioners.

No substantial interest of the petitioners can suffer by the delay. The recognition for which petitioners seek seems to be a matter more properly for the legislature than the courts. We are not satisfied that there was any abuse of sound legal discretion in refusing in this instance the application for a charter.

The appeal is quashed, and the order of the court below is affirmed.